## B. H. CLARKE *vs.* THE STATE *use* of DARNALL, GUARDIAN of HALL.—*December*, 1836.

By the act of 1798, ch. 101, sub. ch. 14, sec. 4, a person appointed guardian to a minor by the Orphans' court, is not qualified to act as such, until he has bonded, and such qualification can only be established by the adduction of the bond, or office copy thereof, unless it has been lost and the record destroyed, when proof of an inferior character might perhaps be admissible.

The bond itself, or an office copy is the best evidence, and must be shown to be lost or destroyed before inferior proof can be resorted to.

Where by the pleadings the issue was, whether the guardian had collected and received certain moneys claimed for his ward, evidence proposed to be offered by the defendant to establish the fact that the guardian had discharged himself, by the payment of the amount proved to be in his hands to a successor legally qualified to act, was held to be foreign to the issue, and therefore inadmissible.

Evidence of a variety of facts and circumstances offered by the plaintiff, to repel the proof which the defendant proposed to adduce, was also held to be inadmissible as foreign to the issue, and the county court erred in admiting it; but as such proof could not have influenced the minds of the jury in finding upon the issue submitted to them, this court would not for such error reverse the judgment, the plaintiff in whose favour the verdict was rendered having offered uncontroverted evidence in support of the issue on his part.

APPEAL from *Prince George's* county court.

This was an action of *debt*, commenced on the 11th March, 1834, against *Benjamin H. Clarke*, on the bond of *Richard Hall*, to the *State*, conditioned to perform the duties of guardian to *Henrietta Hall*. In this bond *Francis M. Hall* and *Benjamin H. Clarke*, the appellant, were sureties. The bond was dated 13th June, 1820. The defendant pleaded performance generally by the guardian. The plaintiff replied, that *Richard Hall* as guardian, collected moneys of his ward; that afterwards his guardianship had been revoked; that the said *Darnall*, had been appointed guardian to *Henrietta*, who is still a minor, and in that character entitled to receive the sums in the hands of the said *Richard*, which he upon request had refused to pay. The rejoinder alleged, that the said *Richard* did not collect and receive for the use of the said ward the sums mentioned in the replication, &c. on which issue was joined.

At the trial of the cause the plaintiff read in evidence, a copy of the aforesaid guardian's bond duly certified, and then produced and read in evidence for the purpose of showing that the plaintiff was entitled to maintain this action, a certificate under seal from the register of wills of *Anne Arundel* county, stating that the plaintiff, *Darnall,* was on the 14th January, 1834, appointed the guardian of the said *Henrietta M. Hall,* and as such had given bond with sufficient security; and also read in evidence an account with the Orphans' court of *Prince George's* county, passed the 5th May, 1825, by the said *Richard Hall,* as guardian aforesaid for the purpose of charging the defendant with the sum due the minor upon said account.

The defendant for the purpose of sustaining the issue on his part, offered in evidence to the jury a *second* account of the said *Richard* as guardian, dated the 8th August, 1826, showing a balance due the minor of $1,150, having charged himself with interest on the balance of the first account, and received a credit for boarding and clothing the minor and fees paid $125, and then proved the order of the Orphans' court revoking his appointment and appointing a certain *Francis M. Hall,* guardian in his stead. And the defendant then for the purpose of showing that the said *Richard Hall,* had paid over into the hands of the said *Francis M. Hall,* as guardian as aforesaid, the whole amount of the said ward's estate, offered in evidence the account of *Francis M. Hall,* as guardian of the said *Henrietta M. Hall,* rendered on the 13th March, 1827, by *Charles Hill* executor of said *Francis M. Hall,* charging the said *Francis* with the above balance of $1,150, and claiming a credit of $77 75, for tuition and register's fees paid for the ward, which account was also passed on the day and year last aforesaid. The defendant further proved by *W. D. Clagett,* a legal and competent witness, that shortly before the death of the said *Francis M. Hall,* he, the said *Hall,* requested the witness to go to the *Georgetown* Academy and make a contract with the teachers of said school for the board and tuition of the said minor, and

that in pursuance thereof the said witness did go, and the said minor was placed there at school by the said *Francis M. Hall*, in his life time, and remained there at the time of his death, and was there continued by the executors of the said *Hull*. The defendant further proved, that a number of valuable negroes were placed in the hands of the said *Francis M. Hall*, by the said *Richard Hall*, to indemnify him and the defendant, *Clarke*, as his sureties upon the bond aforesaid; that said negroes were retained by the said *Francis M. Hall*, until the time of his death, and the hire of the same received by him, and that various disbursements were made by him to the said minor, prior to the time of his death.

The defendant's counsel then prayed the court to instruct the jury, that the said orders and the accounts aforesaid so as aforesaid passed by the executor of said *Francis M. Hall*, before the Orphans' court of *Prince George's* county were evidence that said *Hall* had qualified as the guardian of the said minor, and given bond as such, and that the said *Richard Hall* had paid over to the said *Francis M. Hall*, in the character of guardian aforesaid, every dollar due from him to his said ward, and that if they should so find they must render a verdict for the defendant.

But the court refused to grant the instruction, and directed the jury that the orders and accounts offered in evidence by the defendant were no proof of that fact. And upon the prayer of the plaintiff's counsel the court further directed the jury, that for the purpose of finding that *Francis M. Hall* ever was the guardian of *Henrietta M. Hall*, they must be satisfied by the proof, that the said *Hall* was not only appointed by the Orphans' court of *Prince George's* county as her guardian, and accepted said appointment, but they must also find, that in pursuance of said appointment the said *Hall* gave bond as required by law; and that for this purpose the said accounts passed by the executors of said *Hall*, is not competent and admissible proof; and that the acts and declarations of said *Hall*, are not admissible to prove such guardianship, unless the jury are satisfied from

other testimony that he bonded as required by law.    *The defendant excepted.*

The plaintiff then proved by *John Brooks*, who has been chief judge of the Orphans' court of *Prince George's* county from before 8th August, 1826, until the present time, that he never knew *Francis M. Hall* to have bonded as guardian of said *Henrietta M. Hall;* that he always understood said *Francis* had not given bond ; and the witness further stated, that he did not speak from any knowledge of his own on the subject ; but only from what he understood from others.    The plaintiff further proved by *Leonard H. Chew,* that he is chief clerk and acting register of wills in the register's office in *Prince George's* county, and has been since the year 1830 ; that he has frequently at the request of said *Darnall,* the plaintiff and *Charles Hill,* searched the records of his office, and the files of original papers therein, and has not been able to find any original bond or record of bond, by the said *Francis M. Hall* as guardian of said *Henrietta M. Hall;* and also proved by *Edward W. Belt,* that he was chief clerk and acting register in the register's office of *Prince George's* county, at the time of the revocation of *Richard Hall's* appointment as guardian of said *Henrietta,* and also when the said account was exhibited by the said executors of *Francis M. Hall,* and passed by the court, and that said account was stated by him at the request of said executors, or one of them, and that to the best of his knowlege and belief; *Francis M. Hall* had not at that time given bond as guardian aforesaid, and that he never saw any such bond, and that he always understood that *Francis M. Hall* never did give bond as guardian ; and further, that when said account was offered for passage a difficulty arose from the circumstance, that no such bond could be found ; and that although it is possible that the said *Francis M. Hall* may have bonded as such guardian, without his knowing it, it is not very probable.    To the admissibility of all said proof for the purpose aforesaid on the part of the plaintiff, the defendant by his counsel also objected, but the court overruled the objec-

tion, and suffered the proof to go to the jury as *prima facie* evidence, that in point of fact, no such guardian's bond had been executed by *Francis M. Hall,* as the guardian aforesaid. *The defendant excepted.*

The plaintiff then offered to prove by *Charles Hill,* that he had heard his testator, *Francis M. Hall,* say, that he had never given bond as guardian aforesaid; and that he, the witness himself, had passed the aforegoing accounts without having received the money therein stated to have been received by him; but the defendant by his counsel objected to the competency of said *Charles Hill,* as a witness on the ground, that the effect of his testimony was to relieve the estate of his testator from the payment of more than one-half of the plaintiff's claim if recovered, inasmuch as he would be entitled to contribution from the defendant as co-security with his testator, and if he, the witness, as executor aforesaid paid the amount recovered against him as executor, (it appearing in proof that a suit was also pending against the said witness upon the same bond as executor aforesaid, at suit of said plaintiff,) he would be entitled to an assignment of the judgment against defendant in the present action; but the court was of opinion, that the said *Charles Hill* was a competent witness in the present action and permitted his testimony to go to the jury. *The defendant excepted.*

The verdict and judgment being for the plaintiffs, the said *B. H. Clarke* applied to this court.

The cause was tried before BUCHANAN, Ch. J. and ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

THOMAS F. BOWIE, for the appellant, contended:

The first error was in the court's refusing to instruct the jury, that the evidence offered by the defendant was sufficient to enable them to find, that bond had been given. In similar cases courts have authorized a jury to presume a bond. They make presumptions in favour of trustees, and the due discharge of duties to be performed under public authority, and in favour of the existence of a legal power, as

that the Orphans' court acted correctly. *Shilknecht, et al. lessee vs. Eastburn*, 2 *Gill and John*. 115. It was the duty of the Orphans' court to have required, and *Hall's* duty to have given a bond as guardian, and the county court should have so far presumed in favour of its execution, as to throw the burthen of proof of a contrary proposition upon the plaintiff below. *Fridge vs. State use Kirk*, 3 *Gill and John*. 113. As instances in which a presumption of rightful performance of duty had been assumed, he cited : *Clarke vs. Magruder, et al*, 2 *Har. and John*. 77. Ferguson vs. Tucker, 2 *Har. and Gill*, 183. 3 *Camp*. 432. The act of Assembly declares that a guardian shall not act until he has given bond. And here *Hall* has acted as guardian, dealt with the ward's estate ; rendered accounts as guardian ; has allowances made to him in that character. These circumstances will enable a jury to infer the execution of the bond. It was legally sufficient for that deduction. The error was in assuming that nothing short of the production of the bond itself would suffice and cutting off the defendant from the inference before insisted upon.

Another error below, was in admitting the evidence of the judges and clerks of the Orphans' court. This was all hearsay, and could not *prima facie* prove any thing ; but if this evidence was right on the part of the plaintiff, evidence of a similar character was competent on the part of the defendant.

By receiving the evidence of *Charles Hill*, the court permitted him to contradict his oath, that he had received the money mentioned in his account settled with the Orphans' court. Besides the action was brought upon a bond on which the testator of the witness *Hill* was a co-security. If *Clarke*, the defendant, had to pay, the witness as executor of *Hall* would be liable for contribution. There is a privity between a testator and his executor, and this disqualified the witness on the score of interest. One co-security cannot be a witness for another. *Albers vs. Wilkinson*, 6 *Gill and John*. 358, 360. *Wilmer vs. Harris*, 5 *Har. and John*. 9, 1 *Anstruther*, 299. 8 *East*. 539.

Tuck, for the appellee.

The defence made below was, that the first guardian was removed by the. Orphans' court, and that *Francis M. Hall* was thereupon appointed, and received the funds from the first guardian, and so discharged the bond now in suit. We deny that his appointment as second guardian was ever completed ; we deny that he gave bond and received the ward's estate. The act of 1798, ch. 101, sub ch. 12, sec. 3 and 5, show that a bond is necessary to complete the title as guardian. There is no evidence that *Francis M. Hall* ever did any act as guardian ; nor was there any action of the Orphans' court assuming him to be guardian. There is therefore nothing in the evidence to divest the interest of the minors in the bond of *Richard Hall.*

The act of 1827, ch. 210, directs, that the executors of guardians shall pass accounts of estates committed to their testators, and hence the account passed in this cause ; it was not the act of the guardian, and lays no foundation for a presumption of that species of authority in *Francis M. Hall.* The cases of presumption cited by the appellant's counsel are not denied, but where the court has no jurisdiction, they do not apply. All the officers of the Orphans' court prove that no bond had been executed, and that the court had no jurisdiction. The judges knew the bond was not there, and the court therefore could not divest the ward's claim on *Richard Hall's* bond. If therefore the court had no power to account with *Hill,* that account rendered in fact, was void in law, and properly rejected. *Per se,* it could not show that *Francis M. Hall* was guardian. The evidence of *Clagett,* accounts for *Francis Hall's* apparent interference in the minor's estate. The negroes were delivered to indemnify him upon *Richard's* bond, and not as guardian, and could raise no such presumption. 1 *Serg. and Raw.* 407. *Charles Hill* was a competent witness. The interest to disqualify must be immediate in the result of the cause. 2 *Stark. Ev.*744, or in the record of the cause as evidence ; it must not be uncertain or contingent. 1 *Phil. Ev.* 38. A witness should not be excluded

on the score of interest, unless it appears; but *Hill* was not interested here.   1 *Serg. and Raw.* 36.   *Hard.* 117.   It is true he had a suit depending, and no doubt the estate of his testator was responsible. . -Yet this is not the case where the witness by his evidence fixes a responsibility of his own upon another, in which case he is incompetent.   Again, if the testator, *Francis M. Hall*, was alive he would be competent to fix *Clarke's* liability on the bond, *Hall* being responsible for one-half.   The record could not be evidence against *Hill* under any circumstances, and he was indifferent between the parties here.   The plaintiff could recover against him as executor, either upon the first bond or upon the guardianship of *Hall*, if he was guardian, and the fact of a suit depending against *Hill* makes no difference.   Again, *Hill* was a competent witness because he was executor.   1 *Wm. Black*, 365. 1 *Doug*. 139.   5 *Halst'd*, 297.   *Mockbee vs. Gardiner*, 2 *Har. and Gill*, 176.   But none of the evidence was pertinent to the issue joined in the cause.   The only question open on the record is, whether *Richard Hall* had received the plaintiff's money.   There is no plea of payment in the cause, and the court properly refused the rejected evidence. .

RANDALL, on the same side further contended :

That the acts offered in evidence were those of *third* persons, to discharge a minor's claim.   The liability upon this bond had once attached, and as a general rule the evidence ought to be very clear to shift it.   There must be a fixed responsibility some where to discharge the known liability of the first guardian and his sureties ; and here it turns upon the question, whether the second guardian was properly appointed, and his authority perfected ; for it is upon the latter position only that his acts are evidence.   *Mercer vs. Walmsby*, 5 *Har. and John*. 33.   *Davis vs. Davis, et al*, 7 *Ib*. 36. *Cockey vs. Smith*, 3 *Ib*. 28.   *Hammond vs. Ridgely*, 5 *Ib*. 264.   *Carroll vs. Norwood, Ib*. 157.   *Clerklee vs. Mundell*, 4 *Har. and John*. 497.   *Fishwick vs. Sewell*, 4 *Ib*. 403.   In all cases of presumed legal acts, there is a preliminary ques-

tion for the court, the sufficiency of the evidence to enable the jury to make the deduction.

Upon the competency of *Hill* as a witness, he cited, *Stimmel vs. Underwood,* 3 *Gill and John.* 287. *Watts vs. Garrett,* 3 *Ib.* 355. *Callis vs. Tolson's Ex'rs.* 6 *Ib.* 91. *Roscoe on Ev.* 85, 1 *Phil. Ev.* 42. Again, the defendants were not injured by the opinions of the county court, either in rejecting or permitting the evidence to go to the jury. The opinions therefore of that court cannot be ground for reversal. *Sothoron vs. Weems,* 3 *Gill and John.* 439. *Naylor vs. Semmes,* 4 *Ib.* 274. *Bosley vs. Chesapeake Ins. Co.* 3 *Ib.* 472. *Maryland Ins. Co. vs. Bathurst,* 5 *Ib.* 159. When a defendant takes issue upon one point, and a verdict is rendered against him, the court will not presume he has another issue. The evidence offered on this trial was not pertinent to the issue; and the admission or rejection of it could not prejudice the defendant. And as the act of 1827, was passed after the rendition of the account by *Hall's* executor, and as such accounts were not before that time required, it cannot be regarded as evidence for any purpose in the cause.

CAUSIN, for the appellants in repl

The argument of the first bill of exceptions assume, that the existence of a bond, may be inferred from other facts, save the production of the bond itself.

It is evident that if a bond had been given, it would have been a good defence for *Clarke* in this action, although it might have been subsequently lost. In support of our assumption of the existence of the bond, as inferential from the facts adduced in evidence, we have cited: *Fridge vs. The State use of Kirk,* 3 *Gill and John.* 113. *Shilknecht, et al, lessee vs. Eastburn's heirs,* 2 *Gill and John.* 115. *Clarke vs. Magruder,* 2 *Har. and John.* 77. *Ferguson vs. Tucker,* 2 *Har. and Gill,* 183. *Rex vs. Verelst,* 3 *Camp.* 432. *Rex vs. Jones,* 2 *Camp.* 131. *Butler vs. Allmeet,* 1 *Stin.* 22.

*Rodwell vs. Redge,* 1 *Car. and Payne,* 220. From these authorities it is assumed :

1. That every rational presumption is to be made in favour of the acts of judicial tribunals in the exercise of a legitimate jurisdiction.

2. This presumption is a rule of law as applied to them, and constitutes of itself, a case of *prima facie* evidence, which needs no support by the actual production of testimony in its favour, unless to rebut proof offered to destroy this presumption.

3. That when it is necessary to produce evidence in support of the propriety of action by judicial tribunals, every favour should be extended by the court, and the evidence should not be withheld from the jury, except it is so vague and inconclusive as to create no rational inference ; or when if admitted, it would be wholly inapplicable to the case of the party, by whom it is offered. *Brickly vs. Culdwell,* 1 *Har. and Gill.* 107. *Davis vs. Barney,* 2 *Gill and John.* 404. *Sothoron vs. Weems,* 3 *Gill and John.* 435.

4. That it is not essential that the court should agree with the jury in the inference to be drawn, and if the evidence is not excluded by the rule laid down in *Brickly vs. Caldwell,* it should be submitted to the jury ; although their conclusions from it, might differ from those of the court. *Ferguson vs. Tucker, before cited.* 1 *Stark, new ed.* 677.

The counsel here proceeded to apply the aforegoing principles to the cause under consideration, and contended :

That the court erred in their instruction, and that unless this court could charge the Orphans' court with judicial negligence, or ignorance, or reverse the legal maxims, as applied to such tribunals ; they could not sustain the opinion of the court below.

What were the facts ? they treated with him as guardian ; they recognized his right to the control of the property of the ward by allowing the disbursements.

Under what circumstances could they do this ? Have they the discretion to repose this authority with any one they may

select? And to determine what security they will require for the faithful performance of the trust. The law is explicit— their powers are limited—they can act but on certain conditions—and what are they ? that the party shall give bond before he can act as guardian, or they recognize him as such But they did recognize him as guardian—they did exercise this power, which to be legal, must be preceded by the giving of a bond. What then apart from the rule assumed in the second position is the inference ? Are you to presume the act of the court was wrongful? that they erred from ignorance, or were guilty of *official* malfeasance and moral turpitude? for it would be an act of moral turpitude for the Orphans' court, overstepping the security the law has thrown around the interest of minors, for whose benefit the tribunal was instituted ; for whom they are to act in *loco parentis,* to expose their only subsistence, to unsecured fidelity, which the law will not assume of any one. The arguments on the other side would have you to assume, not only that they acted without authority, but against the express provisions of the law, by which they derive their power over the estates of minors. A doctrine not founded in reason, and opposed to the whole spirit and principle of the law. It is an assumption of guilt in the man, and negligence or ignorance in the officer.

I have argued this case and cited authorities to show that the presumptions which the plaintiff wished to be inferred from the proof offered, was such as necessarily resulted from it, but this is not necessary—it is sufficient for me to shew, that the presumption might in the exercise of a reasonable discretion by the jury have been drawn, even although, the court below or your honours would conclude differently. *Ferguson and Tucker,* 2 *Har. and Gill,* 183. And what is the objection to this evidence? Why it seems to me to be founded in the supposed impossibility of the loss of a bond from the office where it should have been kept.

The court say we must offer other proof—it is easy to require additional evidence, but it would have puzzled us to

prove it. Suppose the bond had been given and lost, what other evidence is it probable we would have adduced? The principal is dead, his evidence as witness for the plaintiff, gone; think you the securities, would likely have volunteered their testimony? In short, it seems that the court below assumed, that it is more improbable that the bond could have been lost, than that the Orphans' court should have acted improperly.

Further the court say, that the acts and declarations of *F. M. Hall* are no proof of the fact of guardianship, and for this reason they reject the testimony of *Mrs. Hall* and *W. D. Clagett*, to support the cause of the defendant, but yet this principle seems not to have been recognized by them in a subsequent period of the case. The declarations of this same *Hall* are admitted to prove he never did qualify as guardian; that is, his declarations when they tend to his prejudice are not to be received, but when they operate in his favour they are fully competent.

It is difficult to reconcile the opinion of the court upon this testimony, with the rejection by them of that offered in support of the presumption of the existence of a bond.

Admitting that the evidence is liable to no other objection, where is the propriety of permitting it to go to the jury, to establish a presumptive negative, when in the same breath the court insist, that the positive affirmation must be established by the defendant.

The evidence at best is inconclusive and inferential, not proof of facts but basis of presumptions, and in the equal distribution of justice we cannot perceive a sanction for its admission in favour of one party, while it is rejected when offered by the other. But besides, it is *hearsay* and therefore inadmissible, as well as tnat part of *Hill's* testimony, which presents the declarations of his testator.

Evidence of declarations is admissible in but two cases: When the witness is indifferent between the parties, *Roscoe*, 23, or when it tends to the disadvantage of the party making them.

This contingency does not arise here; in the first place, as

to *Brooks'* testimony, we cannot know from whom he derived the information he delivers, and the declarations must appear affirmatively to have been made by a party not interested in the issue; and as to *Hill's*, the very effect of the declaration was to relieve his testator as guardian, and himself as executor from all liability to *H. M. Hall*, or the plaintiff in this action.

There are estoppels of record by parties to them; but the objection goes to *Hill's* power to deny his own record act, and as we contend the principle is the same in both cases. Suppose *Darnall* had sued *Hill* as executor of *F. M. Hall*, as guardian to *H. M. Hall*, would not this account have been conclusive evidence against him, and could he in a court of law be permitted to deny its verity? *Comyn on Est.* 197. *High vs. Whiting*, 4 *Mass. Rep.* 625. *Evans vs. Iglehart*, 6 *Gill and John.* 171.

The effect of *Hill's* testimony is to place a bar to any recovery against him by the plaintiff, as executor of *Hall's* charging him as guardian to *H. M. Hall;* because the judgment against *Hall*, the first guardian, upon the matter stated in the record, that he had not paid over his ward's estate, would preclude *Darnall* from suing *Hill* as executor of *Hall*, because in that case he would have to allege what in the former he had denied, to wit: that *R. Hall had paid over the property to F. M. Hall. Roscoe*, 82. 7 *T. Rep.* 62. 1 *Bingham*, 260. 4 *Bingh.* 649.

*Hall* is also interested to fix the liability on *Clarke*, as security of *R. Hall*, and in proving *R. Hall* the proper object of the plaintiff's suit on these grounds.

1. If *R. Hall* is not liable *F. M. Hall* his testator is; and should the plaintiff fail in proving *R. Hall's* liability, then the defendant would not be at all responsible, and he as executor of *F. M. Hall*, would have to answer the whole claim: whereas if judgment be recovered against *Clarke*, he would merely have to contribute as security. *Albers and Wilkinson*, 6 *Gill and John.* 558. *Roscoe*, 88, *citing.* 4 *Taun*, 752.

2. That although in the event of a suit against him, he as

executor would not be personally answerable for the judgment; he would be for the costs.

3. That as long as the claim can be supposed available against the securites of *R. Hall*, he as executor is entitled to retain the negroes assigned as collateral security—to collect their wages, and to receive a commission upon the increased fund so brought into the estate—at least this would be assets to the extent of his testator's interest.   Whereas, if *Clarke* is not responsible, and *F. M. Hall* is really liable, on account of the guardianship, he as executor would have to account for all the rents and profits received, and deliver up the negroes, without being entitled to charge them as assets or receive commission on them.

Archer, Judge, delivered the opinion of the court.

The defendant having offered the proof set out in the bill of exception, himself raises the question, as to competency of the orders of the Orphans' court, and the accounts passed by the executors of *Francis M. Hall*, as evidence, that *Francis M. Hall* has qualified as guardian of the minor, and had given bond as such, that *Richard Hall* had paid over to *Francis M. Hall* as guardian all the moneys in his hands belonging to the ward.

The court decided they were no proof of that fact; and in this opinion we think the court were right.

By the act of 1798, ch. 101, sub ch. 14, sec. 4, no person although appointed as guardian, is qualified to act as such, until he has bonded; and this the prayer would seem to concede; and such qualification could only be established by the adduction of the bond, or an office copy thereof, unless indeed the bond had been lost, or the record thereof was destroyed or lost, when proof of an inferior character might perhaps be admissible.   But no attempt has been made to let in such inferior proof by the adduction of any evidence of such loss or destruction.   Until this at all events was done, it is perfectly clear, that such proof was not competent, because not the best proof the nature of the case affords.   The acts and

declarations of *Francis M. Hall,* under the circumstances, would be clearly incompetent to prove such guardianship. All this evidence offered on the part of the defendant, was inadmissible upon another ground. The rejoinder had placed the issue entirely on the collection and receipt by *Richard Hall* of the money claimed as guardian for his ward ; and all the aforegoing evidence, intended to establish the fact of his having discharged himself of liability by the payment of the sum proved to be in his hands, to a successor legally qualified to act, was foreign to the issue, and was therefore inadmissible proof.

Without adverting to other objections urged against the evidence offered by the plaintiff, which appears in the same bill of exceptions, it will be sufficient to say that it was entirely inadmissible, because having no relevancy to the issue, which was before the jury, the court ought in our opinion to have rejected this evidence, and in this respect, we think the court erred.

But for this error, we do not think the judgment ought to be reversed, as the evidence could by no possibility have had an influence upon the minds of the jury, it being entirely irrelevant to the issue ; the plaintiff had offered uncontroverted evidence to the jury of the truth of the issue ; and all the efforts of the defendant to introduce irrelevant testimony bottomed on the hypothesis of the receipt of the money by *Richard Hall,* had of course assumed the proof of the issue on the part of the plaintiff.

**JUDGMENT AFFIRMED.**